[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of Village Walk, a shopping center CT Page 1879 located in Guilford. The plaintiff acquired ownership of the property from Lincoln Savings Bank, which took title to the property as a result of mortgage foreclosure proceedings. The plaintiff seeks possession of a store at the premises, known as 900 Village Walk, which is occupied by the defendant, The Children's Store, Inc.
Rather than basing this action on Conn. Gen. Stat. 47a-27, which provides an expeditious basis for recovery of possession by a mortgagee whose title has become absolute, or its assignee, the plaintiff brought this action alleging that the defendant has not paid rent due under its lease. In October, 1982, the defendant entered into a five-year lease for the store with one of the plaintiff's predecessors in title, Hennessey and Hennessey. In November, 1987, the defendant extended the lease for an additional eight-year term. At some point in 1989, title to the shopping center was transferred to two limited partnerships. These limited partnerships entered into a master lease for the entire shopping center with Rita Hennessey and James Hennessey. As a result of these transactions, the defendant became a subtenant. The defendant's lease was with the Hennesseys, who were no longer the owners of the shopping center, but rather were tenants themselves pursuant to the master lease. In this action, the plaintiff claims that the defendant breached the 1987 lease extension agreement by failing to pay rent as required under the agreement.
Although the defendant filed several special defenses, it abandoned all of the special defenses at trial except for one. The First Special Defense alleges that the defendant's lease for 900 Village Walk was terminated in 1990 by one of the plaintiff's predecessors in title. The defendant contends that because its lease was terminated, no rent was due and owing and it therefore cannot be evicted for non-payment of rent.
In July, 1990, the defendant received a letter from Attorney M. Dean Montgomery, who represented one of the three general partners in both of the two limited partnerships which then owned Village Walk. The letter advised the defendant that the master lease with the Hennesseys had been terminated by a notice to quit and that because the master lease had been terminated, the defendant's lease was also terminated. This letter constitutes the only evidence of termination of the defendant's lease. No notice to quit to the defendant or other notice of direct termination of the defendant's lease was offered into evidence. CT Page 1880 Relying on this letter and the notice to quit served on the Hennesseys, the defendant asserts that its lease as subtenant was terminated as a matter of law concomitant with the termination of the master lease.
Generally, the right of a sublessee to possession terminates with the termination of the original lease. 49 Am.Jur.2d Landlord and Tenant, 511. The sublessee's rights are terminated when the original landlord declares a forfeiture of the original lessee's lease based on that lessee's breach of its obligations. Id. However, a sublessee's rights are not terminated by a voluntary surrender of the original lease. Id., Golde Clothes Shop, Inc. v. Silver, 95 Conn. 678 (1921); Bargain Mart, Inc. v. Lipkis, 212 Conn. 120, 127 (1989). Both a rejection of the original lease in bankruptcy proceedings and a stipulated judgment in a summary process action have been held to constitute a "voluntary surrender" of the original lease which did not terminate the sublease. Id. at 133-137.
The defendant in this action failed to offer into evidence any of the subordinate facts from which the court could find the basis of the alleged termination of the master lease. The court therefore cannot determine whether the purported termination of the master lease was a forfeiture based on the Hennesseys' breach of their lease obligations or whether there was some voluntary surrender of the master lease or other cause for termination.
In addition, the limited evidence which was offered only raises questions about the validity of the notice to quit served on the Hennesseys. The notice to quit was not served on behalf of the two limited partnerships which owned Village Walk. Attorney Montgomery conceded that he did not represent the two limited partnerships which owned Village Walk. He represented only one of the three general partners of the partnerships. The defendant did not establish the legal authority of one general partner to terminate the lease on behalf of limited partnerships with three general partners. A lease is terminated only by a valid notice to quit. Bargain Mart, Inc. v. Lipkis, supra at 134. The defendant failed to establish the validity of the notice to quit served on the Hennesseys.
The validity of that notice to quit is further called into question by the disposition of the summary process action which followed. Attorney Montgomery testified that the summary process action against the Hennesseys was dismissed for failure to prosecute with diligence. The dismissal was permitted because Lincoln Savings Bank had begun mortgage foreclosure proceedings. The Appellate Court has held that a tenant's lease survived after service of a notice to quit where judgment entered in the tenant's favor after trial and where the landlord withdrew the action CT Page 1881 before a hearing on the merits. Housing Authority v. Hird,13 Conn. App. 150, 156-157 (1988). A knowing and permitted judgment of dismissal for failure to prosecute with diligence is analogous to these two dispositions.
The defendant failed to sustain its burden of proof with respect to the First Special Defense. Judgment of immediate possession is entered for the plaintiff.
Vertefeuille, J.